UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JELANI SOLOMON,

       Petitioner,

       v.

UNITED STATES OF AMERICA,

       Respondent.

Civil Action No. 3:15-CV-1323

(Judge Kosik)

## **MEMORANDUM**

Petitioner, Jelani Solomon, an inmate currently confined at the United States Penitentiary in Lewisburg, Pennsylvania, filed *pro se,* this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Solomon contends that the payments required by the Bureau of Prisons' Inmate Financial Responsibility Program ("IFRP") conflict with the sentencing court's order regarding restitution payments. (Id.) On August 13, 2015, Solomon filed a Motion for Preliminary Injunction (Doc. 7), which was subsequently denied by the Magistrate Judge Martcin C. Carlson (Doc. 10). Then, on November 9, 2015, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Solomon's Petition for Writ of Habeas Corpus be denied. (Doc. 12). Solomon filed Objections to the R&R (Doc. 13), and Respondents filed a Response to Petitioner's Objections (Doc. 14). For the reasons that follow, we will adopt the R&R.

## **Background**

In the instant Petition for Habeas Corpus under 28 U.S.C. § 2241, Solomon contends that the minimum quarterly payment requirement for the IFRP of $25.00, conflicts with the sentencing court's order, which states, in pertinent part, "Payments are initially to be made through [Solomon's] participation in the United State Bureau of Prisons' Inmate Financial Responsibility Program, through which fifty (50%) percent of defendant's prison salary shall be applied toward the payment of restitution." (Doc. 8). Respondent counters that not only is the IFRP constitutional, but that Solomon's participation in the same does not contradict the

sentencing court's order.  (Doc. 8).

## Standard of Review

When objections are filed to an R&R of a Magistrate Judge, we must make a *de novo* determination of those portions of the report to which objections are made.  28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  In doing so, we may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1); Local Rule 72.31.  Although our review is *de novo*, we are permitted to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper.  See United States v. Raddatz, 447 U.S. 667, 676 (1980); see also Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).  For the portions not objected to, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it.  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

## Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Court.[1]  28 U.S.C. § 2254.  Federal habeas corpus relief is limited to inquiries into the "legality of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002); Preiser v. Rodriguez, 411 U.S. 475 (1973).  The petitioner must attack the "validity of the continued conviction or the fact or length of the sentence." Id. at 542.  28 U.S.C. § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).

---

[1] While subdivision (a) of Rule 1 addresses applications brought under 28 U.S.C. § 2254, subdivision (b) provides that rules may be applied in § 2241 actions at the discretion of the United States District Court.  This Court has long found Rule 4 applicable to habeas proceedings brought under § 2241, e.g., Health v. Bell, 448 F.Supp. 416, 417 (M.D. Pa. 1977); Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); Francis v. U.S., 2009 WL 1010522 (M.D. Pa. 2009), and there is no sound reason not to apply Rule 4 in this case.

The IFRP has been recognized as constitutional.  See Pinet v. Grondoslky, 345 F. App'x 826, 829, n.3d (3d Cir. 2009).  However, challenges to the IFRP's payment schedule concerns the execution of sentence, and are, therefore "correctly framed as § 2241 claims brought in the district where the sentence is being carried out."  McGee v. Martinez, 627 F.3d 933, 936 (3d Cir. 2010) citing Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002).  The IFRP allows prisoners to meet their financial responsibilities by contracting for a payment schedule with BOP staff.  Failure to participate in the program or make agreed upon payments can affect an inmate's eligibility for participation in various BOP programs, as well as being placed on IFRP refusal status.

Solomon's only objection to the R&R is whether BOP's implementation of the IFRP, with respect to the payment terms imposed on him, conflict with the sentencing court's order.  The sentencing court's order provides that "[p]ayments are initially to be made through [Solomon's] participation in the United State Bureau of Prisons' Inmate Financial Responsibility Program, through which fifty (50%) percent of defendant's prison salary shall be applied toward the payment of restitution." (Doc. 8).  Solomon contends that the IFRP's minimum $25.00 quarterly payment violates this order because there could be a point in time that the $25.00 quarterly payments are greater than 50% of his prison salary.

Respondent counters that Solomon's claim fails for "two independent reasons." (Doc. 8).  First, Respondent notes that Solomon has earned over $750.00 in prison salary; thus, pursuant to the sentencing order, Solomon owes 50%, or at least $375.00, towards restitution.  Therefore, the IFRP's $25.00 quarterly payment plainly does not exceed the "limit" placed on Solomon's restitution payments. (Id.).

Respondent advances its second argument that even assuming a $25.00 quarterly payment could result in Solomon paying more than 50% of his prison salary, the quarterly payment is permissible because the sentencing court "explicitly requires that Solomon participate in the IFRP." (Id.).  Even more, the $25.00 quarterly payment minimum was the

3

standard payment in place at the time of the sentencing judge's order. (Id.). While we find Respondent's argument to be persuasive and consistent with the sentencing judge's order, we need not reach that determination here as Solomon's claim is not ripe for judicial adjudication.

Ripeness is "peculiarly a question of timing. Buckley v. Valeo, 424 U.S. 1 (1976). The rationale behind this doctrine "is to prevent the courts, through premature adjudications, from entangling themselves in abstract disagreements" premised on "contingent future events that may not occur as anticipated, or indeed may not occur at all." Thomas v. Union Carbide Agr. Prods. Co., 473 U.S. 568, 580-81 (1985). "Our role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." Id.

Solomon's current challenge is that the IFRP's $25.00 quarterly payment violates the sentencing judge's order because Solomon argues that there could be a point in the future that the IFRP's $25.00 quarterly payments might amount to a number greater than 50% of his prison salary. This challenge is not ripe because it is premised on an event that has not happened, and, indeed, may never happen. The Court notes that this is currently not the case as Solomon has earned over $750.00 in prison salary; therefore, 50% of his prison salary would total $375.00. The IFRP's minimum quarterly payments of $25.00 is well within the 50% benchmark. Because Solomon's challenge is anchored in a future event that may not occur, it is not ripe for review.

However, even assuming Solomon's claim was ripe for review, his claim is unavailing. Rather, Respondent's arguments are persuasive. Specifically, it is reasonable to infer that the sentencing judge contemplated the IFRP's $25.00 standard minimum payment when sentencing Solomon. The $25.00 minimum standard existed when Solomon was sentenced and the sentencing judge explicitly provides that Solomon participate in the IFRP. Even more, a review of the record shows that the IFRP's $25.00 minimum payment does not exceed the 50% "limit" placed on Solomon's restitution payments. Solomon has earned over $750.00 in

prison salary.  To be sure, Solomon's placement in the IFRP with the $25.00 quarterly minimum payment results in a restitution payment total of $100.00, well under $375.00 which represents 50% of Solomon's prison salary.

Furthermore, Respondent's argument that "[t]aken together, the sentencing court's instructions that Solomon participate in the IFRP and that he pay 50% of his prison income indicates that Solomon must at least pay the IFRP minimum [$25.00] ... but that he only pay more than the minimum if he has not paid more than 50% of his prison salary" is a consistent reading of the sentencing judge's order.  (Doc. 8).

## IV. CONCLUSION

For the reasons set forth above, the Court will adopt the Magistrate Judge's R&R and deny Solomon's Petition for Writ of Habeas Corpus.  The Court has given reasoned consideration to the portions of the Report to which there are no objections, and we agree with the Magistrate Judge's recommendations.  An appropriate order is attached.